UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DIANDRE McNEILL,

          Plaintiff,

          -against-                          **REPORT &**
                                             **RECOMMENDATION**
HOME DEPOT USA, Inc.                **05-CV-328 (DLI) (LB)**

          Defendant.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge**

      Plaintiff, proceeding *pro se*, brings the instant action pursuant to, *inter alia*, Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.* ("Title VII"), alleging that defendant Home Depot, Inc., failed to hire or promote him on the basis of his race.[1] By motion dated May 26, 2005, defendant moves to dismiss the revised complaint or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 8(a) and 12(e). By Order dated May 25, 2005, the Honorable Dora L. Irizarry referred all matters in this case to the undersigned pursuant to 28 U.S.C. §636(b). It is recommended that defendant's motion to dismiss should be denied, but plaintiff should be directed to file an amended complaint as detailed herein.

### STANDARD OF REVIEW

      The Second Circuit recently clarified the proper level of scrutiny a District Court must apply to pleadings filed by *pro se* litigants. Phillips v. Girdich., No. 04-0347, 2005 WL 1144194 at *3

---

[1] Plaintiff filed the original complaint on January 13, 2005. Plaintiff filed a "revised complaint" on April 12, 2005. Defendant refers to the "revised complaint" as an "amended complaint" throughout its papers. Plaintiff's "revised complaint" omitted important information contained in the original complaint. Therefore, the Court is directing plaintiff to file an amended complaint which shall take the place of the original and revised complaints. Accordingly, defendant's references to plaintiff's "amended complaint" are referred to herein as plaintiff's "revised complaint" to avoid confusion.

2005 (2d Cir. May 17, 2005). As the Court explained,

> The prohibition on "technical forms of pleading" lies at the heart of our system's approach toward so-called notice pleading. Under the Federal Rules, a "short and plain" complaint is sufficient so long as it puts the defendant on notice of the claims against it. The Rules then rely on extensive discovery to flesh out the claims and issues in dispute.

Id. *8 (citing Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

Accordingly, when a party is proceeding *pro se*, the Court is obliged to "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "At the base, the Rules command us never to exalt form over substance. We will therefore excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." Phillips, 2005 WL 1154194 at *3 (citing Fed. R. Civ. P. 8(f); Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004); Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986)).

## DISCUSSION

Defendant argues that: 1) "Plaintiff's [Revised] Complaint does not comply with Fed. R. Civ. P. 8(a)(2) in that it fails to provide a 'short and plain statement showing the pleader is entitled to relief'"; and 2) the complaint "is primarily in narrative form and, thus, does not meet Rule 8(e)(1)'s requirement that '[e]ach averment of a pleading shall be simple, concise and direct.'" Defendant's Memorandum of Law at 1 ("Def. Mem"). Although, plaintiff's revised complaint contains "technical pleading irregularities," it provides sufficient notice under Swierkiewicz. Accordingly, defendant's motion to dismiss should be denied.

## A. Notice Pleading and Defendant's Motion to Dismiss

Defendant contends that plaintiff's revised complaint fails to provide proper notice of the claims asserted in the instant action. Defendant states, "it is impossible to discern from the [Revised] Complaint the types and nature of the causes of action Plaintiff is attempting to bring." Id. at 3. Defendant's hyperbole is unavailing.

On a motion to dismiss, the Court must "accept all allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Berman, 18 F.3d 147, 150 (2d Cir. 1994). Plaintiff's revised complaint[2] states, *inter alia*, "that this complaint is also being brought pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. – (2)(e) to (2000)(e)..." Plaintiff's Revised Complaint at 1 ("Rev. Comp.").[3] Plaintiff alleges that he was hired by defendant on or about October 10, 2002. Although plaintiff alleges he expressed an interest in being stationed at the "Pro-Desk," he was informed by the hiring coordinator, Ms. Gregario, that there were no such positions available and that "as soon as a position became available at the Pro-Desk, the plaintiff would be 'taken into consideration.'" Rev. Comp. at 2. Plaintiff alleges he was assigned to the Lumber & Building Materials Department.

After working in the Lumber & Building Materials Department for two months, a sales position became available at the Pro-Desk station. When plaintiff contacted Ms. Gregario about the position, she informed him that the position was being filled by another employee at another store with more seniority. During his tenure at Home Depot, defendant observed that the "pro-desk sales

---

[2] For ease of reference, the Court has renumbered plaintiff's revised complaint.

[3] Plaintiff's revised complaint lists other statutes including 42 U.S.C. §1983, the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3) and various state law claims. The Court need not address these causes of action at this time.

3

position was always held by a caucasian."

A month later, another sales position became available at the Pro-Desk station. Plaintiff approached defendant about applying for the position. Ms. Gregorio informed him that, because of corporate downsizing, the vacancy would not be filled. Id. Despite this representation, defendant filled the vacancy with a white co-worker shortly thereafter. In response, "plaintiff filed a complaint with the Store Manager, who informed the plaintiff that he did not get involved with the in-store hirings or promotions." Id. "At this point, the plaintiff started to notice, that not only was the Pro-Desk sales position staffed by white males only, he also noticed that every other specialty department at the location was staffed by white males." Plaintiff further alleges that he overheard a conversation at the Pro-Desk station between two employees which included the following statement in reference to plaintiff, "you know I don't like working with those kind of people." Id. at 3.

The allegations in plaintiff's original and revised complaints are sufficient to give defendant notice of plaintiff's claims under Title VII. Taking all of the allegations in his original and revised complaints to be true, plaintiff states that he repeatedly inquired about a sales associate position at the Pro-Desk station.[4] Moreover, plaintiff states that defendant refused to promote him to the sales associate Pro-Desk position because of his nationality. Id. at 5.

Defendant argues that "the current state of the [Revised] Complaint makes framing a response unduly burdensome" and therefore prejudicial to defendant. Def. Mem. at 2. As defendant explains, "the last seven pages of the [Revised] Complaint are narrative in nature and contain alleged dialogue, irrelevant allegations concerning union organization and defamation and argumentative

---

[4]It is unclear whether a reassignment to the sales associate position at the Pro-Desk station would be a transfer or a promotion.

4

prolix paragraphs..." Def. Mem. at 2. Defendant's argument is puzzling in that plaintiff's revised complaint is only six pages long. Defendant's argument that framing a response would be unduly burdensome is also unavailing.

Although plaintiff's "allegations [are] not neatly parsed and include[] a great deal of irrelevant detail, that is not unusual from a pro se litigant." Phillips, 2005 WL 1144194 at *5. However, defendant contends that "this type of argumentative prolix pleading is exactly the type of pleading that the Second Circuit has held to place 'an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Def. Mem. at 3. In support of this position defendant cites Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). However, Salahuddin is inapposite to the case at bar.

In Salahuddin, the Second Circuit observed that plaintiff's complaint "span[ed] 15 single-spaced pages and contain[ed] explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contain[ed] a surfeit of detail." Id. Because of this, the Court held that the district court was within its discretion to dismiss the complaint under Fed. R. Civ. P. 8. However, although it affirmed the discretion of the District Court to dismiss the complaint, the Second Circuit concluded that, in its judgment, the "complaint [was] neither vague nor incomprehensible." Id.

Plaintiff's revised complaint is merely six pages, half as long as the complaint at issue in Salahuddin. Moreover, while the complaint in Salahuddin named over twenty defendants, plaintiff's complaint names only one. Accordingly, defendant's reliance on Salahuddin is misplaced and defendant's motion to dismiss should be denied.

## B. Defendant's Motion for a More Definite Statement

Although the Court disagrees that it would be "near[ly] impossible" for defendant to frame an adequate response to plaintiff's revised complaint, the Court acknowledges that plaintiff's present pleading will complicate these proceedings. Def. Mem. at 2. Plaintiff's revised complaint fails to allege that he is a member of a protected class and the basis for his claim of discrimination. Although plaintiff's complaint makes numerous references to discriminatory hiring on the basis of race, at no point does plaintiff identify his race. Although the September 23, 2004 letter from the EEOC attached to the original complaint states "[y]ou alleged that you have been discriminated against based on your race, black" and notes that plaintiff also claimed retaliation based on his complaint of discrimination, this letter was not attached to plaintiff's revised complaint. Moreover, plaintiff's revised complaint states that he was discriminated against based on his national origin- which is neither identified by plaintiff nor was it apparently raised in his EEOC charge.

Defendant cannot be made to respond to both plaintiff's original and revised complaints. "A pleading that has been amended under Rule 15(a) [of the Federal Rules of Civil Procedure] supercedes the pleading it modifies ... Once an amended pleading is interposed, the original pleading no longer performs any function in the case ..." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d Ed. 1990). Accordingly, given the problem with proceeding on either plaintiff's original or revised complaints, the Court should direct the plaintiff to incorporate his original and revised complaints into one amended complaint using the Court's form employment discrimination complaint[5] that attaches additional pages as necessary.

---

[5]The Court's form complaint is attached for plaintiff's convenience.

## CONCLUSION

For the reasons discussed, defendant's motion to dismiss plaintiff's complaint should be denied. However, plaintiff should be directed to file an amended complaint using the Court's form employment discrimination complaint and incorporating his original and "revised" complaints within twenty days of the date this Report and Recommendation is adopted. Defendant shall answer plaintiff's amended complaint within twenty days thereafter.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

Lois Bloom
United States Magistrate Judge

Dated: June 8, 2005
Brooklyn, New York

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANDRE McNEILL

**AMENDED
COMPLAINT
05-CV-328 (DLI)(LB)**

NAME OF PLAINTIFF(S)

v.

HOME DEPOT, USA, Inc.

NAME OF DEFENDANT(S)

This action is brought for discrimination in employment pursuant to (check only those that apply):

    _____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE**: *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

    _____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE**: *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

    _____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE**: *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

_____
Street Address

_____  _____  _____  _____
County       State        Zip Code     Telephone Number

2. Defendant(s) resides at, or its business is located at:

_____
Street Address

_____  _____  _____  _____
County       City         State        Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

_____
Street Address

_____  _____  _____  _____
County       City         State        Zip Code

4. The discriminatory conduct of which I complain in this action includes (check only those that apply).

    \_\_\_\_ Failure to hire.

    \_\_\_\_ Termination of my employment.

    \_\_\_\_ Failure to promote.

    \_\_\_\_ Failure to accommodate my disability.

    \_\_\_\_ Unequal terms and conditions of my employment.

    \_\_\_\_ Retaliation

    \_\_\_\_ Other acts (specify): _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:

    _____
    Date(s)

6. I believe that the defendant(s) (check one)

    \_\_\_\_ is still committing these acts against me.

    \_\_\_\_ is <u>not</u> still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

| ☐ race _____ | ☐ color _____ |
| ☐ gender/sex _____ | ☐ religion _____ |

☐ national origin _____

☐ age _____ My date of birth is: _____
                                                    Date

☐ disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as necessary)

**Note:** As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: _____ .
                                Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: _____ .
                                        Date

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

    _____ 60 days or more have elapsed.

    _____ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

    _____ has <u>not</u> issued a Right to Sue letter.

    _____ <u>has</u> issued a Right to Sue letter, which I **received** on _____
                                                      Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

                                                  _____
                                                  PLAINTIFF'S SIGNATURE

Dated: _____

                                                  _____
                                                  Address

                                                  _____

                                                  _____
                                                  Phone Number